# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:00-CR-00131-GCM

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>LANTIS JETON YOUNG,<br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court upon Defendant Lantis Jeton Young's pro se Motion for Sentence Reduction Under the First Step Act (ECF Doc. 242). Defendant also filed two pro se motions to appoint counsel (ECF Doc. 241 and 242), which the Court addresses at the conclusion of this Order. The Government filed its Response Opposing a Reduction in Sentence Under the First Step Act (ECF Doc. 252). While Defendant requests a resentencing hearing, the Court finds that a hearing is not necessary and further finds that Defendant's motions should be denied for the reasons stated herein.

## I.  BACKGROUND

In brief, Defendant participated in a drug-trafficking conspiracy that distributed powder cocaine and cocaine base in Charlotte, North Carolina. Defendant regularly carried a firearm during this conspiracy, and he participated in a carjacking as well. Additionally, Defendant participated in an armed robbery of another drug dealer, during which he shot and killed the victim drug dealer. After he was caught, Defendant also threatened to kill a government witness.

Defendant was indicted and convicted for: conspiracy to possess with intent to distribute more than fifty grams of cocaine base and more than five kilograms of powder cocaine, pursuant

to 21 U.S.C. § 846; using a firearm during and in relation to a drug trafficking offense resulting in death, pursuant to 18 U.S.C. § 924(c)(1), (j)(1); possessing with intent to distribute cocaine base, in an amount of at least five but less than fifty grams, pursuant to 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug-trafficking offense, pursuant to 18 U.S.C. § 924(c)(1); carjacking, pursuant to 18 U.S.C. § 2119; carrying a firearm during and in relation to a crime of violence, pursuant to 18 U.S.C. § 924(c)(1). Defendant was sentenced to life in prison for his drug-trafficking conspiracy offense and his Section 924(c) firearm offense resulting in death. He was further sentenced to a concurrent term of 240 months in prison for the substantive drug-trafficking offense, a concurrent term of 180 months in prison for the carjacking offense, and a consecutive 240 months in prison for the second and third Section 924(c) firearm offenses. In sum, Defendant's aggregate sentence is life plus 480 months in prison. Defendant has received five disciplinary citations during his time in prison and has completed forty-seven education and work programs.

Defendant now requests the Court to reduce his sentence under Sections 404 and 403 of the First Step Act. Pursuant to Section 404, Defendant argues that the Court should reduce his sentence because of the retroactive changes of the Fair Sentencing Act of 2010, which reduced the crack-to-powder mandatory minimum ratio. Pursuant to Section 403, Defendant argues that the Court should reduce his second and third Section 924(c) firearm sentences, because the First Step Act changed the "stacking" guidelines for Section 924(c) sentencing. The Government opposes both aspects of this motion for reasons set out in more detail below.

## II. DISCUSSION

### A. Motion for Sentence Reduction Under the First Step Act

Defendant first requests that the Court reduce his sentence pursuant to Section 404 of the First Step Act, arguing that his drug-trafficking conspiracy offense is a "covered offense," making him eligible for a reduction. Under this first portion of Defendant's motion, the Court notes that the First Step Act gives retroactive effect to Sections 2 and 3 of the Fair Sentencing Act of 2010, which reduced the former 100:1 crack-to-powder mandatory minimum ratio to an 18:1 ratio. *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019). To seek a reduced sentence under the First Step Act, a defendant must first establish that the defendant was sentenced for a "covered offense." Pub. L. 115-391 (2018), Sec. 404. If the defendant was sentenced for a covered offense, a court must then exercise its discretion in determining whether to grant a sentence reduction. *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020). In exercising its discretion to reduce a sentence, the Court is constrained by the statutory range that would have applied had the Fair Sentencing Act been in effect when the defendant committed the offense. *United States v. Collington*, 995 F.3d 347, 358 (4th Cir. 2021).

Here, the Government does not dispute that Defendant was convicted of a "covered offense" for which the First Step Act authorized a reduced sentence. His conspiracy conviction involved at least fifty grams of cocaine base, and the sentencing guidelines for this offense were modified by the First Step Act. However, Defendant was convicted of a multi-object conspiracy where the penalties for the other object, powder cocaine, were not reduced. The First Step Act does not change the guideline range for Defendant's sentence. Upon review of the relevant facts, circumstances, and law, the Court finds that it should not reduce Defendant's sentence pursuant to Section 404 of the First Step Act, and the original sentence is still sufficient, but not greater than necessary, to comply with the purposes of the sentence.

Defendant also requests that the Court reduce his sentence pursuant to Section 403 of the First Step Act, arguing that the previous mandatory minimum on the "stacking" for his second and third 21 U.S.C. § 924(c) offenses constitutes extraordinary and compelling reasons warranting a sentence reduction. Prior to the First Step Act, sentences under Section 924(c) were "stacked" such that there was a five- to ten-year mandatory minimum for the first offense and a twenty-five-year sentence was imposed for subsequent convictions. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020). After the First Step Act, the twenty-five-year sentence for subsequent violations was clarified to apply only when a prior Section 924(c) conviction arises from a separate case and has already become final. *Id.* But that change was not made retroactive for sentences such as Defendant's, which were imposed before the First Step Act became law. *Id.* Despite this change not being made retroactive, some defendants have argued successfully that their "stacked" sentences imposed prior to the First Step Act constitute "extraordinary and compelling reasons" warranting a sentence reduction. *McCoy*, 981 F.3d at 286 (finding that district courts have permissibly treated the severity of pre-First Step Act Section 924(c) sentences as "extraordinary and compelling reasons" to reduce a sentence under Section 3582(c)(1)(A)). Therefore, Defendant argues that the Court should reduce his Section 924(c) sentences accordingly under Section 3582(c)(1)(A).

Under Section 3582(c)(1)(A), a district court may reduce a sentence if: (1) the reduction is warranted by "extraordinary and compelling reasons"; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the Section 3553(a) sentencing factors merit a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *McCoy*, 981 F.3d at 280. The Fourth Circuit has recently found that there is no applicable policy statement from the Sentencing Commission where a defendant files a motion for compassionate release because the

Sentencing Commission has not issued a policy statement since prior to the First Step Act becoming law. *Id.* at 284. The severity of Section 924(c) sentences, and the corresponding disparity between pre-First Step Act Section 924(c) sentences and post-First Step Act Section 924(c) sentences, can contribute to the factors considered in determining whether a sentence reduction is warranted. *Id.* at 286. However, this is not to say that "'*all* defendants convicted under § 924(c) should receive new sentences,' but that the courts should be empowered to 'relieve *some* defendants of those sentences on a case-by-case basis.'" *Id.* at 287 (quoting *United States v. Bryant*, No. 95-202-CCB-3, 2020 WL 2085471, at *5 (D. Md. Apr. 30, 2020)).

Here, the Court does not find that a reduction of Defendant's Section 924(c) sentences is warranted. While Defendant was subject to the "stacking" that occurred prior to the First Step Act, the Court is not required to reduce his sentence since the changes made in the First Step Act were not retroactive for cases such as his. Further, in considering all the relevant Section 3553(a) factors, the Court finds that the factors do not favor reducing Defendant's Section 924(c) sentences. In particular, Defendant's sentences reflect the seriousness of his offenses, including the violent and dangerous nature of his offenses. The offenses led to murder, carjacking, and other violence. Not only are Defendant's sentences necessary to promote respect for the law, provide just punishment for the offense, and afford adequate deterrence, but they are also necessary to protect the public from further crimes. After considering the circumstances of this case, the Court will deny the portion of Defendant's motion requesting sentence reductions for his Section 924(c) offenses.

Defendant also makes a conclusory contention that the Court should exercise discretion in reducing his sentence under Section 3582(c)(1)(A) because of the ongoing COVID-19 pandemic. The existence of the COVID-19 pandemic is not enough to show compelling and extraordinary

circumstances warranting a sentence reduction. Defendant has not met his burden of showing extraordinary and compelling circumstances that warrant a sentence reduction for this reason, and the Court will deny Defendant's motion.

### B. Motions to Appoint Counsel

Lastly, the Court notes that Defendant filed two motions requesting appointment of counsel to determine whether he is qualified for a sentence reduction under the First Step Act. There is no constitutional right to the appointment of counsel in post-conviction criminal motions such as this one. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). Courts have discretion to appoint counsel in proceedings under 18 U.S.C. § 3582 if the interests of justice so require. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). Here, Defendant has shown himself perfectly capable of filing his own motions, and the Court finds no other facts or circumstances supporting an argument that the interests of justice require appointment of counsel. Therefore, the Court will deny Defendant's motions to appoint counsel.

### III. ORDER

**IT IS THEREFORE ORDERED** that:

1. Defendant Lantis Jeton Young's pro se Motion for Sentence Reduction Under the First Step Act (ECF Doc. 242) is **DENIED**; and

2. Defendant's motions to appoint counsel (ECF Docs. 240 and 241) are **DENIED**.

**SO ORDERED.**

Signed: July 12, 2021

Graham C. Mullen
United States District Judge