# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:00-CR-00131-GCM

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| LANTIS JETON YOUNG, | |
| Defendant. | |

**THIS MATTER** comes before the Court on Defendant Lantis Young's pro se Motion for Reconsideration (ECF No. 264). For reasons discussed in more detail below, the Court will deny the motion.

## I. BACKGROUND

Lantis Jeton Young shot and killed another drug dealer during a robbery, and carjacked another individual. ECF No. 201 at ¶¶ 7, 9. He was charged with, and convicted of, six offenses: (1) conspiracy to possess with intent to distribute more than 50 grams of crack cocaine and more than 5 kilograms of powder cocaine in violation of 21 U.S.C. § 846; (2) using a firearm during and in relation to a drug trafficking offense resulting in death, in violation of 18 U.S.C. § 924(c)(1), (j)(1); (3) possession with intent to distribute cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (4) possessing a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1); (5) carjacking in violation of 18 U.S.C. § 2119; and (6) carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). ECF No. 170 at 1. The Court sentenced Young to (1) life in prison for the drug trafficking conspiracy offense and the § 924(c) offense resulting in death; (2) a concurrent term of 240 months in prison for the drug trafficking offense; (3) a concurrent term of 180 months in prison

for the carjacking offense; and (4) consecutive terms of 240 months in prison for the second and third § 924(c) offenses. *Id.* at 2. Young's aggregate sentence was life plus 480 months in prison. *Id*.

In June 2020, Young sought a reduction in his sentence pursuant to the First Step Act. ECF No. 242. The Court denied relief. ECF No. 254. Although Young correctly argued that his conspiracy offense constituted a "covered offense" under the Act, the Court concluded that a sentence reduction was not appropriate because (1) Young had been convicted of a conspiracy involving crack cocaine *and* powder cocaine, which had not been affected by the First Step Act; and (2) the Guidelines sentence for Young's conspiracy offense remained unchanged by the Act. *Id.* at 3. The Court also declined to alter Young's sentence based on § 924(c) stacking, finding that Young's sentence was proper in light of the Section 3553(a) factors. *Id.* at 5 (citing 18 U.S.C. § 3553(a)). Young then filed the instant motion to reconsider. ECF No. 264.

## II. DISCUSSION

Although a district court has no authority to reconsider rulings based on an 18 U.S.C. § 3582(c)(2) motion, no such prohibition presently exists in the context of 18 U.S.C. § 3582(c)(1).[1] *See United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010); *United States v. May*, 855 F.3d 271, 274 (4th Cir. 2017); *United States v. Holt*, 849 F. App'x 63, 63 (4th Cir. 2021). As a result, the Court must resolve the merits of Young's reconsideration motion.

---

[1] The Court notes that language in *United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010) would seem to also foreclose motions for reconsideration of motions brought under 18 U.S.C. § 3582(c)(1). *See, e.g.*, *id.* at 235 ("In the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence . . . .") (quoting *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006)). However, as the Fourth Circuit did not explicitly make any such holding, the Court will not refuse to consider the motion on those grounds.

Turning to that motion, the Court discovers that it simply reiterates Young's earlier arguments about the First Step Act, and urges the Court to exercise its discretion in reducing his sentence. For the reasons explained in its earlier opinion, the Court will decline to do so.

### III. ORDER

**IT IS THEREFORE ORDERED** that the Motion to Reconsider (ECF No. 264) is **DENIED**. The Clerk is directed to **SEND A COPY** of the Court's earlier opinion (ECF No. 254) to Mr. Young along with a copy of this order.

Signed: November 8, 2021

Graham C. Mullen
United States District Judge