IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:00CR131-1-GCM

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| VS. | ) | ORDER |
| | ) | |
| LANTIS JETON YOUNG | ) | |
| | ) | |

This matter is before the Court upon the Defendant's pro se Motion to Seal Document. (Doc. No.277).

Motions to seal a particular pleading or any portion thereof in a criminal case are governed by the same requirements for sealing in a civil case found in Local Rule 6.1. *See* LCr 49.1.1. When a party makes a request to seal judicial records, the Court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing;" and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal rather than choosing other alternatives. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). In accordance with the law of this Circuit as well as the Local Rules, the Court has considered the Motion to Seal, the public's interest in access to such materials, and alternatives to sealing. The public has been provided with adequate notice and an opportunity to object to the Defendant's motion. Defendant filed his motion on February 27, 2023 and it has been accessible to the public through the Court's electronic case filing system since that time. The Court determines that no less restrictive means other than sealing is sufficient because the document contains a presentence report. The Court concludes that the sealing of these documents is narrowly tailored to serve the interest of protecting confidential information.

IT IS THEREFORE ORDERED that the Motion to Seal is hereby GRANTED, and the following documents and materials shall be filed under seal until further Order of this Court: Attachment D to Defendant's "Appendix of Records for §404 Motion." (Doc. No. 276).

Signed: June 12, 2023

Graham C. Mullen
United States District Judge