IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:00-cr-00131

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| LANTIS JETON YOUNG, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Lantis Jeton Young's pro se Motion to Strike Appointed Counsel's Supplemental Brief In Support Of Motion For Imposition Of A Reduced Sentence Pursuant To Section 404 Of The First Step Act And/Or Motion for the Court to Order the Government to Address the Arguments Presented in Defendant's Pro Se Brief ("Motion to Strike"). (Doc. No. 283.) For the reasons stated below, Defendant's Motion to Strike is **GRANTED IN PART**.

In 2003, Defendant was convicted of six drug-trafficking offenses and sentenced to life plus 480 months in prison. (Doc. No. 170 at 1–2.) In 2020, Defendant sought a reduction of his sentence pursuant to the First Step Act of 2018, which the Court denied. (Doc. Nos. 242, 254.)

Defendant later filed a motion to reconsider, which the Court also denied for the same reasons stated in its denial of Defendant's 2020 motion to reduce his sentence. (Doc. Nos. 264–65.) Defendant appealed, and the Fourth Circuit affirmed in part and remanded in part for further proceedings in light of the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). (Doc. Nos. 272–73.)

After the Fourth Circuit's Mandate issued, Defendant filed two additional pro se motions requesting leave to file supplemental briefing in support of his First Step Act motion. (Doc. Nos. 274–

1

75.) In the second motion, Defendant made several arguments, including that the Court should consider the reference to second-degree murder in U.S.S.G. § 2A1.1 Application Note 2(B) ("Felony Murder") to properly apply the Sentencing Guidelines to Defendant's underlying offenses. (Doc. No. 275 at 3–4, 10–11.)

The Court granted Defendant's pro se motions in part. (Doc. No. 278.) Expressing no view on Defendant's motion for a reduced sentence, the Court concluded that appointment of counsel to represent Defendant on his motion was appropriate. (*Id.* at 2.) The Court ordered Defendant, through counsel, to file a supplemental brief in support of Defendant's First Step Act motion and ordered the Government to file a response. (*Id.*)

Counsel for Defendant was appointed, and on April 25, 2023, filed a supplemental brief as directed. (Doc. No. 281.) The Government responded in opposition to the points made in the supplemental brief on May 9, 2023. (Doc. No. 282.) In doing this, the Government did not respond to several arguments made in Defendant's pro se motion, including those regarding U.S.S.G. §§ 2A1.1 and 2A1.2, whether the Court should grant a plenary resentencing during which Defendant may make a statement, and whether Defendant would receive stacked Section 924(c) sentences if he were sentenced today. (*See* Doc. No. 275 at 10–12, 14–25.)

On May 22, 2023, Defendant filed a pro se Motion to Strike his appointed counsel's supplemental brief, or, in the alternative, to order the Government to respond to Defendant's pro se brief and grant Defendant leave to file a reply to that response, as Defendant contends the Government improperly replied only to contentions made in the supplemental brief. (Doc. No. 283.) The Government did not respond to Defendant's Motion to Strike.

Based on a thorough review of the parties' filings following remand from the Fourth Circuit, the Court determines that the Government should file a supplemental response to the arguments in Defendant's pro se Renewed Motion for Leave to File Supplemental Memorandum

2

in Support of Being Granted Relief Under Section 404 of the First Step Act (Doc. No. 275). Defendant should then have an opportunity to reply through counsel.

Further, the United States Probation Office is directed to prepare a new PSR reflecting any factual or legal updates since the last version was provided to the Court on June 8, 2021 (Doc. No. 251). When the new PSR is prepared and the traditional time within which to file objections has expired, the Court will determine whether to schedule a resentencing hearing.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike is **GRANTED IN PART** in that

(1) the Government is ordered to respond to the arguments made in Defendant's pro se Renewed Motion for Leave to File Supplemental Memorandum in Support of Being Granted Relief Under Section 404 of the First Step Act (Doc. No. 275) within fourteen (14) days of this Order;

(2) Defendant, through counsel, is ordered to file any reply within seven (7) days of the date on which the Government's response is served; and

(3) the Probation Office is directed to prepare an updated PSR.

Signed: June 21, 2023

Graham C. Mullen
United States District Judge