IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:00-CR-00131-GCM

| | |
|---|---|
| USA, <br><br> Plaintiff, <br><br> v. <br><br> LANTIS JETON YOUNG, <br><br> Defendant. | **ORDER** |

This matter is before the Court on Defendant Lantis Jeton Young's Motion for Compassionate Release (Doc. 310) pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Doc. 312. Upon careful consideration of the arguments submitted by the parties, Defendant's Motion is **DENIED**.

## I. BACKGROUND

During 1991 and 2000, Young participated in a drug-trafficking organization that distributed powder and crack cocaine in Charlotte, North Carolina. WDNC Case No. 3:00CR131, Doc. 201 ¶ 6. One of Young's co-conspirators reported that he sold Young 40 kilograms of powder and crack cocaine during that time period. *Id.* Young also regularly carried a firearm. *Id.*, Doc. 201 ¶¶ 7–9. In August of 1997, Young participated in the carjacking of a Time Warner Cable employee whom Young later bound and abandoned in a park. *Id.*, Doc. 201 ¶ 9. In May of 2000, Young participated in the armed robbery of another drug dealer, during which Young shot and killed the victim drug dealer. *Id.*, Doc. 201 ¶¶ 7–9. After Young was caught, he threatened to kill a government witness. *Id.*, Doc. 201 ¶ 15.

A federal grand jury indicted Young and charged him with conspiracy to possess with intent to distribute more than 50 grams of crack cocaine and more than 5 kilograms of powder

cocaine, 21 U.S.C. § 846; using a firearm during and in relation to a drug trafficking offense resulting in death, 18 U.S.C. § 924(c)(1), (j)(1); possessing with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c)(1); carjacking, 18 U.S.C. § 2119; carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). *Id.*, Doc. 33 at 1–3. A jury found Young guilty of all six offenses. *Id.*, Doc. 201 ¶ 3. The jury also found that Young's drug-trafficking-conspiracy offense involved at least 50 grams of crack cocaine and 5 kilograms of powder cocaine and that his substantive drug-trafficking offense involved at least 5 but less than 50 grams of crack cocaine. *Id.*, Doc. 201 ¶ 3.

This Court's probation office submitted a presentence report and calculated a total offense level of 43 (reduced from level 45) based on a cross-reference to the first-degree murder guideline. *Id.*, Doc. 201 ¶¶ 19, 38, 41. Based on a total offense level of 43 and a criminal-history category of III, the Sentencing Guidelines called for a sentence of life in prison for the drug-trafficking and carjacking offenses. *Id.*, Doc. 201 ¶ 73. Young faced a statutory maximum of 20 years in prison for the substantive drug-trafficking offense. *Id.*, Doc. 201 ¶ 72.

This Court sentenced Young to life in prison for his drug-trafficking-conspiracy offense and his section 924(c) offense resulting in death, a concurrent term of 240 months in prison for the substantive drug-trafficking offense, a concurrent term of 180 months in prison for the carjacking offense, and consecutive terms of 240 months in prison for the second and third section 924(c) firearm offenses, for an aggregate sentence of life plus 480 months in prison. *Id.*, Doc. 170 at 2. In June of 2020, Young asked this Court to reduce his sentence under section 404 of the First Step Act and for compassionate release. *Id.*, Doc. 242. This Court denied that motion initially, and the Fourth Circuit affirmed the denial of compassionate release but remanded for reconsideration of

Young's First Step Act motion in the light of his mitigating arguments. *Id.*, Doc. 272. On remand, this Court conducted a hearing and again denied Young's motion. *Id.*, Docket Entry 10/18/23.

Young now again asks this Court to grant him compassionate release, arguing that if he were sentenced today, he would not receive stacked sentences for his § 924(c) convictions and would not receive a cross-reference to first-degree murder. *Id.*, Doc. 310 at 10–21. Young also asserts that his rehabilitative efforts while in the Bureau of Prisons warrant his compassionate release. *Id.*, Doc. 310 at 21–22. And Young argues that the § 3553(a) sentencing considerations, including his age of 50 years old, the length of time he has served, and his clean disciplinary record for at least 10 years, weigh in favor of a sentence reduction. *Id.*, Doc. 310 at 22–24.

During his time in the Bureau of Prisons, Young has received five disciplinary citations. *Id.*, Doc. 251 at 3; Exh. 1. He has completed 54 educational and work programs, including his GED and drug education. *Id.*, Doc. 251 at 3–4; Exh. 1.

## II.     DISCUSSION

### A. Standard of Review

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's sentence, after considering the sentencing factors in § 3553(a), if the court determines that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement applicable to compassionate release requests is Sentencing Guidelines § 1B1.13. While the Fourth Circuit held in *United States v. McCoy* that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing

Commission has since amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

As amended, § 1B1.13 authorizes this Court to grant a motion for compassionate release if the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) outlines six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant, (2) the age of the defendant, (3) a defendant's family circumstances, (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury," (5) "other reasons" similar in gravity as those articulated in (1) through (4), and (6) an unusually long sentence. In reference to the last factor, subsection (6) states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

The factors in § 3553 are considered when imposing sentences and include, amongst others, (1) the nature of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes, and provide the defendant with needed educational or vocal training, medical care, or other correctional treatment, (3) the kinds of sentences available, (4) the need to avoid

4

unwarranted sentence disparities among defendants with similar records, and (5) the need to provide restitution to victims.

### B. Analysis

Defendant contends that the elimination of the stacking of sentences under 18 U.S.C. § 924(c) pursuant to the First Step Act of 2018 constitutes an extraordinary and compelling reason for a reduction in his sentence. *See generally* Doc. 310. If Defendant were sentenced today, he would receive a sentence of no more than 5 years in prison for each of his § 924(c) sentences. *See* 18 U.S.C. § 924(c)(1)(A)(i); Doc. 323 at 7. However, that change would not alter his life sentence, because Defendant is serving a concurrent life sentence for his drug-trafficking-conspiracy offense. The Government concedes that Defendant is currently serving an "unusually long" sentence, but that sentence is not any different than the sentence he would receive today. *See* Doc. 323 at 7.

Defendant also suggests that because the Guidelines are now advisory, this Court should reconsider his sentence. The Guidelines continue to advise a life sentence for Defendant's drug-trafficking offense, however, and his offense conduct well supports his life sentence. That the Guidelines are not advisory is not an extraordinary and compelling circumstance because their advisory nature does not undermine the sentence this Court previously imposed.

The Government claims that the Sentencing Commission overstepped its delegated authority by promulgating § 1B1. 13(b)(6). *Id.* The Government argues that nonretroactive changes in the law as "extraordinary *and* compelling reasons" justifying sentence reductions contradict precedent and the plain language of § 3582(c). *Id.* In short, the Government contends that § 1B1. 13(b)(6) is invalid because it exceeds the Sentencing Commission's Congressionally delegated authority and any disparity between Defendant's sentence and the sentence he would receive today

5

is the consequence of Congress's decision to not make the First Step Act's change to § 924(c) applicable to defendants who have already been sentenced *Id.*

The Government also argues that the factors in § 3553(a) weigh against compassionate release due to the violence inflicted by the Defendant on victims and the community. *See id.* at 18. The Court agrees with the Government that the factors outlined in § 3553(a) do not favor compassionate release even if Defendant could demonstrate "extraordinary and compelling reasons" justifying a sentence reduction. Defendant's conduct was extraordinarily violent and included murder, carjacking, and other violence. Defendant also threatened to kill a government witness and he was involved in the conspiracy until he was nearly 30 years old. While Defendant contends that he is now 50 years old, has served a lengthy sentence, and suggests that he is no longer a threat to the community, the Court notes that he was older than many defendants when he committed his offenses and he has not shown that he is no longer a threat to the community. The Court acknowledges that while Defendant has performed relatively well in prison, he has not shown that he no longer presents a threat to the community. Considering Defendant's violent conduct, his criminal history, the need to protect the public, and the need to deter Defendant and others from committing similar crimes, the § 3553(a) factors weight against a sentence reduction.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 310) is **DENIED**.

Signed: October 31, 2024

Graham C. Mullen
United States District Judge